WOLF, J.
Kelvin Cotton, appellant, challenges his involuntary commitment pursuant to the Jimmy Ryce Act. §§ 394.912 and 394.9155, Fla. Stat. Appellant raises four issues with several sub-issues. We affirm as to all issues but find one merits discussion: whether the trial court erred in admitting evidence of sexual misconduct in other cases to which appellant neither pled guilty nor was convicted. Appellant argues that rules should be adopted in civil commitment cases similar to “Williams Rule” evidence in criminal cases involving admission of collateral crimes evidence. We reject the wholesale adoption of the Williams Rule case law to civil commitment proceedings where the very issue involves propensity to “engage in acts of sexual violence in the future.” See § 394.912(10)(b), Fla. Stat. (2008) (defining a sexually violent predator as one who is “likely” to engage in acts of sexual violence).
*639 On November 17, 2008, the State filed a Petition to Have Respondent Declared a Sexually Violent Predator. The petition alleged that appellant was imprisoned for one count of burglary and three counts of sexual battery. The petition further alleged appellant pled guilty to one count of burglary for another incident during which he grabbed the victim in the vaginal area before she struggled free. The petition also alleged appellant was arrested for sexual assault in three other cases, although the charges were dropped.
Appellant filed several pretrial motions, including a motion to exclude references to unproven crimes or criminal conduct. These motions were denied. During the trial, the State admitted direct evidence of appellant’s involvement in other sexual assaults for which he had not been tried.
Appellant’s main argument on appeal is that evidence of the other sexual acts im-permissibly became a feature of the trial. We reject the argument.
Pursuant to section 394.9155, Florida Statutes (2008), in “all civil commitment proceedings for sexually violent predators,”
(4) The court may consider evidence of prior behavior by a person who is subject to proceedings under this part if such evidence is relevant to proving that the person is a sexually violent predator.
(Emphasis added). A “sexually violent predator” is defined as one who “(a) Has been convicted of a sexually violent offense; and (b) Suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.” § 394.912(10), Fla. Stat.
The Williams Rule, now codified in section 90.404(2)(a), provides that in a criminal proceeding, “[sjimilar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue ... but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.” (Emphasis added). See also Nicholson v. State, 10 So.3d 142, 145 (Fla. 4th DCA 2009). The Williams Rule is inapplicable here because a Ryce Act proceeding is not a criminal proceeding and is conducted for the purpose of determining propensity. See § 394.912(10)(b), Fla. Stat. (defining sexually violent predator as one who is “likely” to engage in acts of sexual violence). See also § 394.9155(4), Fla. Stat. (permitting evidence of prior behavior in a Ryce Act proceeding, provided it is relevant to demonstrating the individual is a sexually violent predator).
The large body of Williams Rule jurisprudence was developed to prevent mere propensity evidence from being used in criminal trial. The concern is obvious — a defendant’s inclination toward criminality does not prove the defendant actually committed the crime charged; but, without more, is influential to the point of undue prejudice. Such concern does not arise in the context of Ryce Act proceedings, because the State is required to prove there is likelihood the respondent will commit violent sexual crimes in the future.
AFFIRMED.
PADOVANO and THOMAS, JJ., concur.